1  LAW OFFICES OF BRANDON A. BLOCK
   A PROFESSIONAL CORPORATION
2  BRANDON A. BLOCK (State Bar No. 215888)
   433 North Camden Drive, Suite 600
3  Beverly Hills, CA 90210
   Telephone:   310.887.1440
4  Facsimile:   310.496.1420

5  Attorneys for Plaintiff
   CHARLES EKOKOBE

6

7

8

                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10

11  CHARLES EKOKOBE, an individual,        CASE NO. 5:17-cv-00931

12          Plaintiff,                      **COMPLAINT FOR VIOLATIONS
                                            OF THE FAIR DEBT
13      vs.                                 COLLECTION PRACTICES ACT
                                            AND CALIFORNIA'S ROSENTHAL
14  DEL MAR RECOVERY SOLUTIONS,             FAIR DEBT COLLECTION
    INC., a California corporation; and     PRACTICES ACT**
15  DOES 1 through 10, inclusive,
                                            JURY TRIAL DEMANDED
16          Defendants.

17

18                         **COMPLAINT**

19      Plaintiff Charles Ekokobe ("Plaintiff") complains against defendants Del Mar

20  Recovery Services, Inc. ("Del Mar Recovery") and Does 1 through 10, inclusive

21  (collectively, "Doe Defendants"), as follows:

22                      **Jurisdiction and Venue**

23      1.      The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331

24  and 15 U.S.C. § 1692(k), and supplemental jurisdiction of the state law claims

25  alleged herein pursuant to 28 U.S.C. § 1367.

26      2.      Venue is proper in the Central District in that, among other things, a

27  substantial part of the events or omissions giving rise to plaintiff's claims occurred in

28  this District.

                                1

**Parties**

3.     Plaintiff is a natural person residing in San Bernardino County, California.

4.     Defendant Del Mar Recovery is a California corporation with its principal place of business in Carlsbad, California.

5.     Plaintiff does not know the true names, identities, and capacities of the Doe Defendants sued herein, and therefore sues those defendants by fictitious names. Plaintiff will amend this Complaint to allege the true names, identities and capacities of the Doe Defendants when plaintiff discovers such information.

6.     At all times mentioned herein, defendants were agents and/or employees of each other and were acting within the course and scope of such agency or employment. Defendants are jointly and severally liable to plaintiff.

**Operative Facts**

7.     In or around 2011, plaintiff co-purchased a vehicle for personal, family or household purposes from a car dealership, pursuant to a retail installment sale contract. The dealership assigned the contract to Santander Consumer USA, Inc.

8.     Santander hired Del Mar Recovery as an independent contractor to conduct the nonjudicial ("self-help") repossession of plaintiff's vehicle. Del Mar Recovery hired and instructed Doe Defendant No. 1, another repossession agency, to assist in the repossession of plaintiff's vehicle, by physically taking possession of the vehicle on Del Mar Recovery's behalf. At all times relevant, each of the Doe Defendants was an agent and/or employee of Del Mar Recovery and was acting within the course and scope of such agency or employment. At all times relevant, no defendant was an agent or employee of Santander. Santander did not hire or contract with any of the Doe Defendants to locate or recover plaintiff's vehicle.

9.     At or around 7:30 p.m. on or about January 26, 2017, Doe Defendant No. 2, a male agent and/or employee of Doe Defendant No. 1 and Del Mar Recovery,

2
COMPLAINT

1   went to plaintiff's home to repossess his vehicle. At the time, plaintiff's vehicle was

2   parked on his driveway.

3         10.    Prior to connecting plaintiff's vehicle to any tow truck or gaining entry

4   to plaintiff's vehicle, Doe Defendant No. 2 rang the doorbell to plaintiff's residence.

5   At the time, plaintiff, plaintiff's daughter, plaintiff's wife and plaintiff's wife's friend

6   were inside the house. Plaintiff's daughter opened the door and Doe Defendant No. 2

7   demanded to speak with "James." No person named James resided at plaintiff's

8   home. Plaintiff's daughter alerted plaintiff about the man at the door asking for

9   someone named James.

10        11.    Plaintiff went to the door and was accosted by an angry man loudly

11  demanding to speak with someone named James. Plaintiff told the man that no

12  person with that name resided at his home. Doe Defendant No. 2 went back to his

13  truck. Plaintiff stood by the door, confused by Doe Defendant No. 2's presence, as he

14  wore nothing identifying him as a repossession agent and he did not present plaintiff

15  with any paperwork about a supposed repossession assignment.

16        12.    Doe Defendant No. 2 marched back to plaintiff's front door, even more

17  irate and holding papers in his hand. Doe Defendant No. 2 began yelling at plaintiff

18  that he was from Santander and he was not leaving until he took plaintiff's vehicle on

19  the driveway. Doe Defendant No. 2 demanded that plaintiff give him the keys to his

20  vehicle on the driveway. Not knowing who Doe Defendant No. 2 was, plaintiff

21  refused. Doe Defendant No. 2 then threatened to contact the Sheriff about plaintiff.

22  Doe Defendant No. 2 also began reading names aloud from the papers in his hand,

23  which plaintiff recognized as the names of the references he listed when he applied

24  for credit for the purchase of his vehicle. Doe Defendant No. 2 threatened plaintiff

25  that he was going to contact all of the people plaintiff listed as references and tell

26  them about the repossession unless plaintiff gave him the keys to the vehicle.

27        13.    Plaintiff tried to protest Doe Defendant No. 2 taking his car, and he tried

28  to get a brief amount of time to contact Santander about the situation. Doe Defendant

COMPLAINT

1   No. 2 cut plaintiff off repeatedly, yelling at him that he was not allowed to contact

2   anyone. Doe Defendant No. 2 continued threatening plaintiff to surrender the keys to

3   his vehicle or Doe Defendant No. 2 would contact law enforcement and his

4   references about the repossession. Doe Defendant No. 2 told plaintiff he had no

5   choice but to comply with his demands, as he was not leaving with the vehicle and

6   the keys.

7          14.    At that point, Doe Defendant No. 2 appeared very threatening to

8   plaintiff, and plaintiff feared for the safety of himself and the others in his house.

9   Plaintiff also was very anxious about being accused of a crime when he did not

10  believe he was doing anything wrong. Furthermore, plaintiff was embarrassed by

11  Doe Defendant No. 2's offensive conduct, as his daughter and his wife's friend were

12  in the house, and he was concerned they heard Doe Defendant No. 2's verbal assault.

13  Plaintiff feared even greater embarrassment and humiliation if Doe Defendant No. 2

14  followed through on his threats to contact law enforcement and/or plaintiff's

15  references. Believing he had no choice, plaintiff surrendered his car keys to Doe

16  Defendant No. 2. Doe Defendant No. 2 then connected plaintiff's car to his tow truck

17  and completed the repossession.

18         15.    In connection with the repossession, Doe Defendant No. 2 denied

19  plaintiff his lawful right to retrieve personal property from his vehicle, which

20  included over 100 compact discs and four coats. Defendants never sent plaintiff any

21  of the required notices after the repossession, and plaintiff has lost all of the personal

22  property taken with his vehicle during the unlawful repossession.

23  **First Claim for Relief – Violations of The Fair Debt Collection Practices Act,**

24  **15 U.S.C. §§ 1692, *et seq.* ("FDCPA")**

25  **(By Plaintiff Against All Defendants)**

26         16.    Plaintiff realleges and incorporates herein by reference each and every

27  paragraph set forth above.

28         17.    Congress has found that "[t]here is abundant evidence of the use of

4

COMPLAINT

1    abusive, deceptive, and unfair debt collection practices by many debt collectors," and

2    that "[a]busive debt collectors contribute to the number of personal bankruptcies, to

3    marital instability, to the loss of jobs, and to invasions of individual privacy." 15

4    U.S.C. § 1692(a). Thus, Congress enacted the FDCPA to "eliminate abusive debt

5    collection practices by debt collectors, to insure that those debt collectors who refrain

6    from using abusive debt collection practices are not competitively disadvantaged,

7    and to promote consistent State action to protect consumers against debt collection

8    abuses." Id., § 1692(e).

9         18.    Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) in

10   that he is a natural person obligated or allegedly obligated to pay a "debt".

11        19.    Defendants are "debt collectors" within the meaning of 15 U.S.C.

12   § 1692a(6) in that they are persons who use an instrumentality of interstate

13   commerce or the mails in a business the principal purpose of which is the

14   enforcement of security interests.

15        20.    The purported debt which defendants attempted to collect from plaintiff

16   is a "debt" within the meaning of 15 U.S.C. § 1692a(5). Defendants sought to

17   enforce a security interest related to plaintiff's obligation or alleged obligation to pay

18   money to Santander, arising out of a transaction in which the property which was the

19   subject of the transaction (plaintiff's vehicle) was primarily for personal, family or

20   household purposes.

21        21.    15 U.S.C. § 1692f(6)(A) provides as follows:

22             A debt collector may not use unfair or unconscionable
23             means to collect or attempt to collect any debt. Without
              limiting the general application of the foregoing, the
24             following conduct is a violation of this section:

25                 (6) Taking or threatening to take any nonjudicial
          action to effect dispossession or disablement of property
26             if—

27                 (A) there is no present right to possession of
          the property claimed as collateral through an enforceable
28             security interest[.]

COMPLAINT

1     22.     Defendants did not have a "present right" to possession of plaintiff's

2  vehicle if there was breach of the peace. <u>See</u> Cal. Comm. Code § 9609(b).

3  Defendants committed a breach of the peace by engaging in the conduct alleged

4  herein. Defendants violated § 1692f(6)(A) by thereafter taking and threatening to

5  take nonjudicial actions to effect the repossession of plaintiff's vehicle without a

6  present right to possession of the vehicle, due to the breach of the peace.

7     23.     As a direct and proximate result of defendants' violations of the

8  FDCPA, plaintiff has been damaged in amounts which are subject to proof.

9     24.     Plaintiff is entitled to recover his actual damages pursuant to 15 U.S.C.

10  § 1692k(a)(1).

11     25.     Plaintiff is entitled to recover statutory damages pursuant to 15 U.S.C.

12  § 1692k(a)(2)(A).

13     26.     Plaintiff is entitled to recover his attorney's fees and costs pursuant to

14  15 U.S.C. § 1692k(a)(3).

15     WHEREFORE, plaintiff prays for relief as set forth below.

16     **Second Claim for Relief – Violations of California's Rosenthal Fair Debt**

17     **Collection Practices Act, Cal. Civ. Code §§ 1788,** *et seq.* **("Rosenthal FDCPA")**

18     **(By Plaintiff Against All Defendants)**

19     27.     Plaintiff realleges and incorporates herein by reference each and every

20  paragraph set forth above.

21     28.     The California Legislature has found that "unfair or deceptive debt

22  collection practices undermine the public confidence which is essential to the

23  continued functioning of the banking and credit system and sound extensions of

24  credit to consumers." Cal. Civ. Code § 1788.1(a)(2). The Legislature thus enacted the

25  Rosenthal FDCPA to ensure the integrity of California's banking and credit industry.

26  <u>Id.</u>, § 1788.1(b).

27     29.     Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in

28  that he is a natural person from whom defendants sought to collect a "consumer

COMPLAINT

1   debt" within the meaning of Civil Code § 1788.2(f) – *i.e.*, money, property or their

2   equivalent which was alleged to be due and owing to Santander, by reason of a

3   consumer credit transaction entered into with plaintiff.

4         30.    At all times relevant, defendants were "debt collectors" within the

5   meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course

6   of business, on behalf of themselves or others, engage in acts and practices in

7   connection with the collection of money, property or their equivalent which is due or

8   owing or alleged to be due or owing from a natural person to another natural person.

9         31.    Civil Code § 1788.17 provides that "every debt collector collecting or

10  attempting to collect a consumer debt shall comply with the provisions of Sections

11  1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k

12  of, Title 15 of the United States Code."

13        32.    Defendants violated the provisions of 15 U.S.C. § 1692e(5) by

14  threatening to take any action that cannot legally be taken or that is not intended to

15  be taken, in that defendants were prohibited from contacting plaintiff's references

16  under 15 U.S.C. § 1692c(b) but threatened to do so anyway. By violating the

17  provisions of § 1692e(5), defendants violated the Rosenthal FDCPA, at Civil Code

18  § 1788.17, and plaintiff is entitled to the remedies set forth in 15 U.S.C. § 1692k.

19        33.    By violating the provisions of § 1692f(6)(A), defendants violated the

20  Rosenthal FDCPA, at Civil Code § 1788.17, and plaintiff is entitled to the remedies

21  set forth in 15 U.S.C. § 1692k.

22        34.    As a direct and proximate result of defendants' violations of the

23  Rosenthal FDCPA, Plaintiff has been damaged in amounts that are subject to proof.

24        35.    Plaintiff is entitled to recover his actual damages pursuant to Civil Code

25  § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative,

26  Civil Code § 1788.30(a).

27        36.    Defendants' violations of the Rosenthal FDCPA were willful and

28  knowing. Plaintiff is entitled to recover statutory damages pursuant to Civil Code

1 | § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), or in the

2 | alternative, Civil Code § 1788.30(b).

3 |      37.    Plaintiff is entitled to recover his attorney's fees and costs pursuant to

4 | Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the

5 | alternative, Civil Code § 1788.30(c).

6 |      WHEREFORE, Plaintiff prays for relief as set forth below.

7 | **Prayer for Relief**

8 |      WHEREFORE, plaintiff prays for the following relief:

9 |      1.    For actual damages according to proof;

10 |      2.    For statutory damages to the extent permitted by law;

11 |      3.    For pre-judgment interest to the extent permitted by law;

12 |      4.    For an award of his attorney's fees, costs and expenses incurred in the

13 | investigation, filing and prosecution of this action; and

14 |      5.    For such other and further relief as the Court may deem just and proper.

15 | **Demand for Jury Trial**

16 |      Plaintiff hereby demands a trial by jury under the United States Constitution.

17 | Dated: May 12, 2017          Respectfully submitted,

18 |           LAW OFFICES OF BRANDON A. BLOCK
   | A PROFESSIONAL CORPORATION

19 |

20 |           By:    /s/
   |               Brandon Block

21 |

22 |           Attorneys for Plaintiff
   | CHARLES EKOKOBE

23 |

24 |

25 |

26 |

27 |

28 |

COMPLAINT